IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILENA VITALI-CHAREWICZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANNA JAQUES HOSPITAL,<br><br>Defendant. | Case No.: |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Anna Jaques Hospital ("Anna Jaques"), by and through undersigned counsel, hereby gives notice that this action, *Vitali-Charewicz v. Anna Jaques Hospital*, Case No. 2477-CV-01350, is hereby removed to this Court from the Massachusetts Superior Court, Essex County Division, pursuant to the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d) ("CAFA"). In support, Anna Jaques provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

### NATURE OF THE CASE

1. On December 26, 2024, Plaintiff Milena Vitali-Charewicz filed the operative Complaint in Massachusetts Superior Court, Essex County Division.

2. Plaintiff alleges that Defendant Anna Jaques is a not-for-profit hospital that is part of the Beth Israel Lahey Health System based in Massachusetts. Compl. ¶ 2.

3. According to Plaintiff, in late December 2023, an "unauthorized third-party accessed [Anna Jaques's] network and obtained certain files from its systems[.]" *Id.* ¶ 3.

4. Plaintiff asserts that "the Private Information of Defendant's patients, including

Plaintiff and the proposed Class members, were stolen, including their name and date of birth, Social Security number, medical information, health insurance information patient name, patient address, and patient telephone numbers." *Id.* ¶ 4.

5. Plaintiff alleges that she now faces "a lifetime risk of identity theft due to the nature of the information lost, which they cannot change, and which cannot be made private again." *Id.* ¶ 7. Plaintiff further alleges that it took Anna Jaques "nearly twelve months" to notify Plaintiff of the data breach, and that she and the putative class were left "to fear whether the PII that Anna Jaques continues to maintain is secure[.]" *Id.* ¶ 31. According to Plaintiff, Anna Jaques "did not use reasonable security procedures and practices appropriate to the nature of the sensitive information it was maintaining [.]" *Id.* ¶ 32.

6. Based on these allegations, Plaintiff brings claims for:

    a. Negligence;

    b. Negligence *per se*;

    c. Breach of Fiduciary Duty; and

    d. Breach of Implied Contract.

7. This Complaint relates to the same facts and generally raises the same theories of liability as eight other Complaints that have been consolidated in this Court under the docket of the first filed case, under the new title, "*In re Anna Jaques Hospital Data Security Incident Litigation*," No. 1:24-cv-10792-IT.

## I. VENUE

8. Removal to the District of Massachusetts, Eastern Division is proper because this district and division embrace Essex County, Massachusetts, the place where this action is pending. *See* 28 U.S.C. §§ 101 & 1441(a); Local Rule 40.1.

## II. CAFA JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

**Error! Unknown document property name.**

§ 1332(d), as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14.

10.     CAFA grants federal courts subject matter jurisdiction over a class action when: (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than one hundred (100), *id.* § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs," *id.* § 1332(d)(2). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11.     Indeed, one goal of CAFA was to provide for "[f]ederal court consideration of interstate cases of national importance under diversity jurisdiction." CAFA § 2.

12.     As an initial matter, although Anna Jaques contests that class treatment is proper, this lawsuit is a proposed "class action" as defined by CAFA because Plaintiff is a representative of a putative class, and she filed the case in state court pursuant to a state statute or rule of judicial procedure authorizing a class action. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiff captioned her case as a "class action"; seeks relief on behalf of herself and "[a]ll individuals whose Private Information was accessed and/or acquired by an unauthorized party in the Data Breach, including all who were sent a notice of the Data Breach;" and requests certification of an identified class. Compl. ¶¶ 116, 119-127.

### 1. The Parties Are Diverse.

13.     Under CAFA, there is "minimal diversity" so long as "any member" of the proposed class of plaintiffs is either "a citizen of a State different from [the] defendant," or is "a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(A)-(B). Courts consider the citizenship of all putative class members—both named and unnamed. *See id.* § 1332(d)(1)(D). Courts determine citizenship of the members of the proposed

**Error! Unknown document property name.**

class as of the date of filing of the complaint. *See id.* § 1332(d)(7).

14. Plaintiff Milena Vitali-Charewicz is a citizen of Massachusetts.

15. Anna Jaques is incorporated, and maintains its principal place of business, in Massachusetts and is a citizen of the State of Massachusetts. So long as any one member of the putative class is a citizen of another State, diversity exists for the purposes of removal under CAFA.

16. Plaintiff's proposed class is "[a]ll individuals whose Private Information was accessed and/or acquired by an unauthorized party in the Data Breach, including all who were sent a notice of the Data Breach." Compl. ¶ 116.

17. Because the definition of the putative class is not restricted to citizens of Massachusetts, and Anna Jaques specifically services patients from Southern New Hampshire[1] and other states, multiple members of the proposed class are diverse from the Defendant.

18. The diversity of citizenship described in the preceding paragraphs satisfies the requirements of minimal diversity under CAFA and Article III of the United States Constitution. *See, e.g., McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 164 (D. Mass. 2007) (finding minimal diversity under Article III and CAFA where Defendant sufficiently alleged a "reasonable probability" that at least one member of the proposed class was domiciled in a state other than where Defendant was domiciled).

**2.   The Purported Class Consists of More Than 100 Members.**

19. Anna Jaques does not believe that Plaintiff has defined a proper class or that a class can be maintained and asserts that an individualized inquiry is required to determine whether any

---

[1] *See About Anna Jaques Hospital*, https://www.ajh.org/about (last visited Jan. 18, 2025) ("Anna Jaques Hospital (AJH) is a not-for-profit community hospital serving the Merrimack Valley, North Shore and Southern New Hampshire.").

**Error! Unknown document property name.**

current or former patient or employee falls within the proposed class definition or is entitled to relief. However, as proposed, the class meets CAFA's threshold of at least 100 putative class members.

20. Here, Plaintiff avers that "[t]he members of the Class are so numerous that joinder of all Class members is impracticable, if not impossible." Compl. ¶ 119.

21. Specifically, the Complaint states that, "[u]pon information, 316,000 individuals had their Private Information compromised in this Data Breach." *Id.* ¶ 119.

22. These allegations demonstrate that the proposed class meets the CAFA threshold of at least 100 members.

### 3. The Complaint Places in Controversy A Sum Greater than $5 Million.

23. "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Where, as here, a complaint does not specify an amount sought, "the defendant's amount-in-controversy allegation should be accepted." *Id.* at 87. For purposes of assessing the jurisdictional amount, what matters is the amount put in controversy by the Complaint, not whether the Plaintiff's claims are meritorious. *See Swanson v. Lord & Taylor, LLC*, 2012 WL 3776450 at *2 (D. Mass. Aug. 28, 2012) ("The amount in controversy inquiry . . . is divorced from Plaintiff's likelihood of success on the merits").

24. CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S 588, 592 (2013).

25. Here, Plaintiff seeks undefined actual damages, nominal damages, and

**Error! Unknown document property name.**

consequential damages, injunctive and equitable relief, and attorney's fees, costs and litigation expenses. *See* Compl. Prayer for Relief.

26.  One actual damage alleged by Plaintiff includes "costs associated with the prevention, detection, and recovery from identity theft, tax fraud, and other unauthorized use of their data[.]" *Id.* ¶¶ 8, 105. The cost of credit monitoring is an "out-of-pocket expense" commonly associated with the prevention and detection of identity theft, tax fraud and unauthorized use of personal information. Three main identity-protection agencies—IDShield, Equifax and Experian—advertise monthly rates for credit-monitoring services ranging from $14.95 to $24.99 per person per month. For example, IDShield Individual offers one-bureau credit monitoring with an unlimited service guarantee, dark web internet monitoring, data breach notifications, full-service restoration when theft occurs, and 24/7 assistance, among other services, for $14.95 per month for one individual.[2] Similarly, both Equifax[3] and Experian[4] offer products that provide 3-Bureau credit monitoring with up to $1 million in identity theft insurance for $19.95 and $24.99 a month, respectively. Assuming the least expensive option, the cost to Anna Jaques would be $179.40 per class member for just one year of credit monitoring ($14.95 x 12 months). Based on Plaintiff's estimated class size of "316,000 of individuals," this number on its own significantly exceeds the amount in controversy (316,000 people x $179.40 = $56,690,400).

---

[2] *See IDShield Plans & Pricing*, https://www.idshield.com/#plans (last visited Jan. 18, 2025).

[3] *See Equifax*, https://www.equifax.com/equifax-complete/Equifax/?CID=2_equifax%20credit%20monitoring_G_e&adID=50235599488 (last visited Jan. 22, 2025).

[4] *See Experian CreditLock*, https://www.experian.com/protection/creditlock/ (last visited Jan. 22, 2025).

27. Plaintiff additionally requests extensive and costly injunctive relief, including requiring Anna Jaques to, *inter alia*: (i) "engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests and audits on Defendant's systems on a period basis, and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defendant's systems periodically;" (ii) require "Defendant to implement logging and monitoring programs sufficient to track traffic to and from Defendant's servers, and for a period of 10 years, appointing a qualified an independent third-party assessor to conduct an attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment . . .;" and (iii) "meaningfully educate all Class Members about the threats they face . . . as well as the steps affected individuals must take to protect themselves." *See* Compl., Prayer for Relief.

28. Plaintiff additionally alleges injuries in connection with her claims of negligence, negligence *per se*, breach of fiduciary duty, and breach of implied contract in amounts to be determined. *See id*. ¶¶ 155, 166, 171, 182, Prayer for Relief.

29. Further, Plaintiff has requested attorney's fees, which are properly considered for CAFA purposes and add significant cost. *See Kersey v. Staples*, 2018 WL 2077598, at *2 (D. Mass. May 2, 2018), *aff'd*, 2019 WL 10837709 (1st Cir. Oct. 16, 2019) (noting that "[i]n order to meet the jurisdictional amount in controversy requirement, CAFA allows for aggregation of class claims, including class-related attorney's fees.").

30. Accordingly, the amount in controversy exceeds $5 million on the face of the Complaint.

## REMOVAL PROCEDURES

31. Anna Jaques files this Notice of Removal within thirty days of receiving the Complaint on January 6, 2025. *See* 28 U.S.C. § 1446(b). Anna Jaques attaches as a copy of all "process, pleadings, orders, and other documents" currently on file in the state court, including Plaintiff's Complaint, attached as **Exhibit A** hereto. *Id.* § 1446(a).

32. Anna Jaques will promptly give written notice to all adverse parties and the clerk of the Massachusetts Superior Court, Essex County Division. *Id.* § 1446(d).

## RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

33. Nothing in this Notice is intended or should be construed as an express or implied admission by Anna Jaques of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims or allegations, or as a limitation of any of Anna Jaques' rights, claims, remedies, and defenses in connection with this action.

34. Anna Jaques does not concede liability on any of the claims asserted in the Complaint or that Plaintiff or putative class members are entitled to recover any damages.

## CONCLUSION

For the forgoing reasons, Defendant Anna Jaques hereby removes this action, *Vitali-Charewicz v. Anna Jaques Hospital*, Case No. 2477-CV-01350, to this Court from the Massachusetts Superior Court, Essex County Division, pursuant to 28 U.S.C. § 1332(d).

Dated: January 30, 2025

Respectfully submitted,

ANNA JAQUES HOSPITAL,

*/s/ Lindsey A. Gil*
Lindsey A. Gil, Esq. BBO #679626
lgil@peabodyarnold.com
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
T: 617-951-2100


Edward J. McAndrew (*Pro hac vice application forthcoming*)
Nathalie A. Freeman (*Pro hac vice application forthcoming*)
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Tel.: (215) 564-8386
Email:
emcandrew@bakerlaw.com
Email:
nfreeman@bakerlaw.com


*Attorneys for Defendant Anna Jaques Hospital*

## CERTIFICATE OF SERVICE

    I, Lindsey A. Gil, hereby certify that I have, on January 30, 2025, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF). Participants in this case not registered on the ECF system, if any, will receive service through electronic mail.

                                              */s/ Lindsey A. Gil*
                                              Lindsey A. Gil